N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TWIN VALLEY TELEPHONE, INC.,**   )<br>                                                      )<br>              **Plaintiff,**                      )<br>                                                      )<br>**v.**                                                )<br>                                                      )<br>**UNIVERSAL SERVICE**                )<br>**ADMINISTRATIVE COMPANY and** )<br>**NATIONAL EXCHANGE CARRIER** )<br>**ASSOCIATION,**                          )<br>                                                      )<br>              **Defendants.**                   )<br>_____)  | **CIVIL ACTION**<br><br>**No. 07-2172-CM** |

## MEMORANDUM AND ORDER

Plaintiff brings this action seeking declaratory judgment and specific performance of an order entered by the Federal Communications Commission ("FCC"). The FCC's order granted plaintiff waivers of certain requirements related to a transaction between plaintiff and two other telephone companies. Plaintiff claims that the FCC's order authorized retroactive waivers. According to plaintiff, defendants—who are not-for-profit corporations established by the FCC to administer the federal Universal Service Fund and the FCC's access charge plan—have improperly recognized the waivers only as of the date of the FCC's order. The case is before the court on three motions: Motion to Dismiss by Universal Service Administrative Company (Doc. 9); Motion of Defendant National Exchange Carrier Association to Refer Case to the Federal Communications Commission and Stay District Court Proceedings (Doc. 11); and Motion for Leave to File Sur-Reply (Doc. 24).

The court first takes up defendant National Exchange Carrier Association's ("NECA") motion to refer the case to the FCC and stay proceedings. Defendant NECA argues that the FCC has

primary jurisdiction over the claims in this case and that the court should refer the case to the FCC to allow the parties to seek an administrative ruling.

"'Primary jurisdiction is invoked in situations where the courts have jurisdiction over the claim from the very outset but it is likely that the case will require resolution of issues which, under a regulatory scheme, have been placed in the hands of an administrative body.'" *Mical Commc'ns, Inc. v. Sprint Telemedia, Inc.*, 1 F.3d 1031, 1038 (10th Cir. 1993) (quoting *Marshall v. El Paso Nat. Gas Co.*, 874 F.2d 1373, 1376 (10th Cir. 1989)). The primary jurisdiction doctrine serves two purposes: to promote regulatory uniformity and utilize agency expertise. *See S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 751 (10th Cir. 2005). To this end, before courts invoke the doctrine and refer matters to administrative agencies, they should consider whether issues of fact (1) fall outside conventional judicial experiences; (2) require administrative discretion; or (3) "require uniformity and consistency in the regulation of the business entrusted to a particular agency." *Mical Commc'ns, Inc.*, 1 F.3d at 1038 (internal quotation marks and citations omitted). Other Circuits evaluate these three factors, as well as a fourth factor—whether the plaintiff has made a prior application to the agency. *See, e.g., Schiller v. Tower Semiconductor Ltd.*, 449 F.3d 286, 295 (2d Cir. 2006); *cf. TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1239 (10th Cir. 2007) ("Additionally, when the regulatory agency has actions pending before it which may influence the instant litigation, invocation of the doctrine may be appropriate."). Courts do not apply a "fixed formula . . . for applying the doctrine." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956). At least one Circuit also balances the advantages of invoking the doctrine with the potential costs associated with administrative proceedings, including delays. *See, e.g., Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 46 F.3d 220, 223 (2d Cir. 1995) (citing *Ricci v. Chicago Mercantile Exch.*,

409 U.S. 289, 321 (1973) (Marshall, J., dissenting)). Another Circuit has indicated that the case for recognizing primary jurisdiction may be stronger in a declaratory judgment action for two reasons: (1) a court has discretion whether to hear an action for declaratory judgment, and (2) such actions should not be used "'to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal.'" *Allnet Commc'n Serv., Inc. v. Nat'l Exch. Carrier Ass'n, Inc.*, 965 F.2d 1118, 1121 (D.C. Cir. 1992) (citation omitted).

When the court determines in its discretion that the primary jurisdiction doctrine applies, "the judicial process is suspended pending referral of the issues to the administrative body for its views." *Marshall*, 874 F.2d at 1377. "The doctrine does not require that all claims within an agency's purview be decided by the agency. Nor is it intended to 'secure expert advice' for the courts from regulatory agencies every time a court is presented with an issue conceivably within the agency's ambit." *Brown v. MCI Worldcom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002).

Before evaluating the factors, the court must identify the issue(s) pending before the court. *See TON Servs., Inc.*, 493 F.3d at 1239–40. Broadly speaking, there is only one issue before the court: Does the FCC's order require that plaintiff's waivers apply from the date of closing or that they apply from the date of the FCC's order? The issue is analogous to a basic contract interpretation issue, although a contract is not directly involved here.

The issue before the court is not one that is so technical that it falls outside conventional judicial experiences. To the contrary, the issue is similar to ones that this court faces regularly. Most cases referred to the FCC under the primary jurisdiction doctrine involve challenges to the reasonableness and adequacy of tariffs, technical questions that should be reviewed by the FCC. *See, e.g., Allnet Commc'n Serv., Inc.*, 965 F.2d at 1121; *see also Himmelman v. MCI Commc'ns Corp.*, 104 F. Supp. 2d 1, 5–7 (D.D.C. 2000). This case involves interpretation of an FCC order.

The difference between this case and an ordinary contract interpretation case is that in this instance, the court would be interpreting what an *agency* meant—not what parties meant. The FCC is in the best position to interpret its own ruling. Moreover, whether the FCC intended for the waivers to apply retroactively or upon the effective date of its order implicates important policy considerations. The FCC, not this court, is charged with making regulatory policy. The first factor weighs slightly in favor of invoking the primary jurisdiction doctrine, even though it differs in nature from most cases referred to the FCC.

The second factor also weighs in favor of invoking primary jurisdiction. The FCC's administrative discretion is involved in whether the FCC wants defendants to recognize waivers retroactively or as of the date of the FCC's order. The FCC's "[e]xpertise . . . is not merely technical but extends to the policy judgments needed to implement an agency's mandate." *Allnet Commc'n Serv., Inc.*, 965 F.2d at 1120.

The third factor is the most persuasive one to the court. Uniformity and consistency are critical in FCC decisions—otherwise, rival carriers may be subject to different rules and one may be placed at a competitive advantage over another. The FCC has at least one other similar case pending before it. The FCC should be given the opportunity to clarify its own order in a way that will treat all carriers fairly and equally. In evaluating this factor, the court has considered plaintiff's position that any risk of inconsistent decisions is speculative. But the court is not persuaded that different courts should be interpreting orders drafted by the FCC using its expertise on regulatory matters. Again, one of the key purposes of the primary jurisdiction doctrine is to promote regulatory uniformity. *See S. Utah Wilderness Alliance*, 425 F.3d at 751.

The court also notes that plaintiff filed a petition for clarification before the FCC, albeit at defendants' urging. In that petition, plaintiff raised the same issue now before this court. Although

plaintiff withdrew the petition for clarification when it filed this case (over six months after it filed the petition), the fact that plaintiff first-filed the petition suggests that the FCC is the proper authority to resolve this issue. The court does not rely substantially on this inference, but finds it worth mentioning.

To the extent that the court should consider delays and other costs that might arise from referring this case to the FCC, the court has little before it on which to base such analysis. Plaintiff mentions that the FCC took nearly a year to rule on plaintiff's application for the waivers, but the FCC approved plaintiff's application for transfer of the assets used to provide telephone services in three months. The court recognizes that plaintiff would like a prompt resolution of this issue, but the court will not assume that the FCC will unduly delay in reviewing plaintiff's claim. Any additional delay is, to some extent, attributable to plaintiff's choice to withdraw its petition with the FCC and seek relief in this court.

Finally, this suit is a declaratory judgment action. As noted above, at least one Circuit has said that the discretionary nature of a court's jurisdiction over declaratory judgment actions supports invocation of the primary jurisdiction doctrine. *See, e.g., Allnet Commc'n Serv., Inc.*, 965 F.2d at 1121.

Considering all of these factors, the court concludes that it is appropriate to stay this action and refer the case to the FCC for clarification of its order as to whether the waivers granted apply retroactively to the closing date. The court realizes that defendant Universal Service Administrative Company asks the court to dismiss the action based on the primary jurisdiction doctrine. Because the relief sought in this case depends on the interpretation of the FCC's order, this case presents an instance where dismissal could be appropriate. *See TON Servs., Inc.*, 493 F.3d at 1243 ("Where, for example, the relief sought is an injunction or declaratory judgment, dismissal may be appropriate.").

But the parties have not discussed the potential prejudice that could be suffered in the event of a dismissal and defendant NECA only sought a stay of proceedings. The court finds it more appropriate to stay this action than to dismiss it at this time.

Based on the court's ruling on defendant NECA's motion to stay, the court denies the motion to dismiss and motion to file a surreply as moot. The court suspects that they will remain moot after the FCC's ruling, but if they are not, the parties may refile their motions when the stay is lifted.

**IT IS THEREFORE ORDERED** that the Motion of Defendant National Exchange Carrier Association to Refer Case to the Federal Communications Commission and Stay District Court Proceedings (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that the Motion to Dismiss by Universal Service Administrative Company (Doc. 9) and the Motion for Leave to File Sur-Reply (Doc. 24) are denied without prejudice as moot.

Dated this 15th day of October 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**